UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>       v.<br><br>EUSEVIO CHAVALLO, JR.,<br><br>                          Defendant. | NO:  2:13-CR-100-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 158.  The Court has reviewed the motion, the record, and is fully informed.

BACKGROUND

On June 4, 2014, Defendant pleaded guilty to Counts 1 and 4 of the Superseding Indictment, which respectively charged him with Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Possession of a Firearm in

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* ECF Nos. 95 and 112.

Prior to accepting his guilty plea, the Court engaged Defendant in an extensive colloquy to ensure that he had reviewed the charges and considered all possible defenses. *See* ECF No. 129. The Court allowed Defendant to hear the factual basis for his charges and provided him an opportunity to respond or challenge any of the Government's alleged facts. *See id.* Defendant took advantage of that opportunity and requested that the Court make two minor changes to the facts alleged in the Plea Agreement. The Court accepted Defendant's proposed changes; those are reflected on the final version of the Plea Agreement. *See* ECF No. 94. With those changes made, Defendant agreed to the other facts contained in the Plea Agreement, stated that he was guilty of the offenses as charged, and waived his rights to argue in the alternative at trial. *See* ECF No. 129.

At sentencing, Defendant's Total Offense Level was determined to be 31. With a Criminal History Category of I, he was subjected to a guideline range of imprisonment of 108-135 months on Count 1, to be followed by a consecutive mandatory minimum term of 60 months on Count 4. The Court imposed the five-year mandatory minimum on Count 4, but departed far below the guideline range on Count 1 to sentence Defendant to 18 months on Count 1, for a total of 78 months, the

1  minimum term of imprisonment that would be consistent with the Rule 11(c)(1)(C)

2  Plea Agreement.

3      Defendant now seeks to collaterally attack his conviction and his sentence and

4  raises three arguments to do so: (I) The Government obtained the Plea Agreement in

5  bad faith using illegally seized evidence, (II) Chavallo did not enter a knowing and

6  intelligent plea pursuant to Rule 11, and (III) Petitioner Chavallo was not provided

7  effective assistance of counsel in the 9th Circuit Court of Appeals.  The Court

8  addresses each argument in turn.

9                          ANALYSIS

10      The terms of Defendant's Rule 11(c)(1)(C) Plea Agreement expressly limited

11  Defendant's appeal rights.  Specifically, the Plea Agreement stated in relevant part

12  that

> Defendant further expressly waives his right to file any post-conviction
> motion attacking his conviction and sentence, including a motion
> pursuant to 28 U.S.C. § 2255, except one based on ineffective
> assistance of counsel based on information not now known by
> Defendant and which, in the exercise of due diligence, could not be
> known by Defendant by the time the Court imposes sentence.

ECF No. 94 at 16.  In light of this waiver, the Court will only consider arguments

based upon facts that were not known, or knowable through the exercise of due

diligence, at the time of the plea or at sentencing.  A motion based on other

arguments would violate the express terms of Defendant's Plea Agreement.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

The Court has reviewed Defendant's petition in its entirety and finds that his arguments, by his own admission, are based on facts that he knew at the time that he signed the Plea Agreement. *See* ECF No. 158 at 15. Although Defendant has fashioned his petition as being based on "ineffective assistance of counsel," his primary complaint was that his attorney had not set forth the arguments that are contained in this petition. Defendant's attempt to present these substantive arguments to the Court under the heading of "ineffective assistance of counsel" in a habeas petition is strained and confirms that he knew the facts that support this petition when he pleaded guilty and waived his rights to appeal.

**Argument I: The Government Obtained the Plea Agreement in Bad Faith Using Illegally Seized Evidence.**

Defendant first seeks to challenge the plea agreement by alleging various ways that the Government has acted illegally. Although Defendant states various grievances within this section, his primary argument is that the evidence against him was obtained illegally when his truck was searched and when the Government opened what he argues was a locked trunk in the bed of Defendant's truck, where they found drugs and a firearm. ECF No. 158. While recognizing that federal agents had warrants and a drug-detecting canine, Defendant claims that the search violated his Fourth Amendment rights because any warrant did not cover his truck and that the Government could not have opened the locked trunk without a proper warrant or his consent, which he did not provide. *Id.* The Court reviewed a copy of the relevant

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

search warrant, which expressly includes the Defendant's truck in the subject of a federal search warrant.

Although evidence supports the validity of the search, the Court need not conduct an analysis of whether the search complied with the Fourth Amendment, because Defendant expressly waived his right to pursue such arguments based on facts that he knew at the time he signed the Plea Agreement.  Defendant states that prior to pleading guilty, he "attempted to find an attorney who would challenge the government's false statements, the illegal search and seizure, the chain of custody and testing the substance reported to be methamphetamine."  ECF No. 158 at 15. Therefore, Defendant admits that he knew of these possible defenses, but opted to plead guilty rather than pursue those at trial.

The record demonstrates that Defendant tried to file pro se motions that raised these arguments after he pled guilty and those pro se motions were received by the Court the day after his sentencing hearing.  *See* ECF No. 114.  Within Defendant's motions, he asked to either have new counsel be appointed or be allowed to represent himself, and he submitted a number of requests, including a motion to withdraw his Plea Agreement.  *See id*.  Recognizing that Defendant had been granted new counsel at his request already, and had been denied a subsequent request to have another appointed counsel, the Court denied his then most recent motion for substitution of counsel.  ECF No. 119.  The Court did not consider his pro se motions that he drafted

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

while he was still represented.[1]  *See id.*  After the Court conducted an extensive plea colloquy during which Defendant admitted to having committed the offenses as charged in the Superseding Indictment, the Court did not grant his later motions to change his plea and challenge the accuracy of the evidence that proved what he already had admitted in open court.

Defendant cites a number of Ninth Circuit cases for the proposition that the Government is obligated to engage in negotiations in good faith and fair dealing.  *See e.g.*, ECF No. 158 at 21.  He cites *U.S. v. Whitney*, 673 F.3d 965 (9th Cir. 2012), to argue that the Government must adhere to the terms of a plea agreement, and he seemingly wants to revoke his plea due to what Defendant sees as the Government violating the terms of their agreement.  *Id*.

In Defendant's Plea Agreement, the Government agreed to dismiss Counts 2 and 3 and to argue for a sentence no greater than 96 months, which was a significant downward departure from Defendant's guideline range.  Pursuant to the Rule 11(c)(1)(C) Plea Agreement, the Court sentenced Defendant to the minimum that Defendant could request: 78 months.  Therefore, Defendant received the benefits that he bargained for as charges were dropped and his sentence was far below his

---

[1] Over the course of this matter, Defendant has had five different attorneys and has alleged that each of them has provided inadequate counsel in some way.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

guideline range.  After having received all of the benefits he bargained for,

Defendant's assertions that the Government somehow breached some duty or

agreement are unavailing.

Although Defendant fails to raise any just cause to permit him to withdraw his

guilty plea, if he were to succeed in doing so, the potential consequences demonstrate

the significant benefit his legal counsel secured through plea negotiations.  If

Defendant were to withdraw his plea, and subsequently be convicted of only the

charges for which he is currently serving a sentence, Defendant would potentially

face a sentence that is more than twice his current sentence of 78 months.

Additionally, the Government would be able to reinstate other charges and would no

longer be bound to recommend a sentence below the guideline range.

**Argument II: Chavallo Did Not Enter a Knowing and Intelligent Plea Pursuant to Rule 11.**

Defendant argues that his Plea Agreement "is based upon a false factual basis

written into the plea agreement by the government."  ECF No. 158 at 23.  He states

that "[t]he district court made made [sic] no attempt explain [sic] to Chavallo that he

had a right to challenge the government's facts in the plea agreement."  *Id*.

Additionally, he argues that the Court was not concerned with whether he understood

and agreed with the facts alleged by the Government and "was on

notice" that he was not satisfied with his attorney.  *Id*.  The transcript of Defendant's

plea colloquy demonstrates that these assertions not only contradict Defendant's own

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

representations to the Court, but also, that they are demonstrably false. *See* ECF No. 129.

The Court had the Government provide the factual basis for the charges against Defendant, then provided Defendant an opportunity to correct the facts that were reflected in the Plea Agreement. *See id*. After the Court accepted Defendant's changes, which were immaterial to the commission of his charged offenses, Defendant admitted to committing the crimes as charged. *See id*. Defendant now argues that the Court did not engage him as the transcripts reflect that it did, and he now challenges the admissibility of the evidence against him based on facts known to him at the time of the hearing. *See generally* ECF No. 158. Defendant listened to the facts alleged, conceded their veracity with his minor changes incorporated, and expressly waived his right to later challenge those facts at trial.. Defendant could have challenged the admissibility of the evidence against him had he chosen to forego the benefits of the Plea Agreement in favor of a trial. Instead, Defendant admitted that the Government could prove that he committed the charged crimes beyond a reasonable doubt because he had in fact committed them. Defendant has failed to provide any basis to find that his plea was not knowing or intelligent.

**Argument III: Petitioner Chavallo Was Not Provided Effective Assistance of Counsel in the 9th Circuit Court of Appeals.**

Defendant argues that appellate counsel was deficient for not meeting with him, reviewing the transcripts of his plea colloquy, and for filing an "*Anders*" brief

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

1    stating that there are no viable grounds for relief pursuant to *Anders v. California*,

2    386 U.S. 738 (1967), rather than arguing the issues Defendant raises in his present

3    petition.

4           Pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), which Defendant cites in

5    his petition, the Ninth Circuit conducted an independent review of Defendant's case

6    on direct appeal.  *See* ECF No. 154.  Consistent with the representation of appellate

7    counsel, the Ninth Circuit found no arguable issue that could be raised on direct

8    appeal.  *See id*.  Specifically, the Ninth Circuit held that Defendant waived his appeal

9    rights and their review "discloses no arguable issue as to the validity of the waiver."

10   ECF No. 154.  As the U.S. Supreme Court stated in *Penson*, "[i]t is the obligation of

11   any lawyer—whether privately retained or publicly appointed—not to clog the courts

12   with frivolous motions or appeals."  (internal quotations omitted).  488 U.S. at 91

13   (quoting *Polk County v. Dodson,* 454 U.S. 312, 323 (1981)).  The Court does not find

14   appellate counsel deficient for failing to raise frivolous arguments.

15   **Certificate of Appealability**

16          An appeal of this Order may not be taken unless a circuit justice or judge

17   issues a certificate of appealability (COA).  28 U.S.C. § 2253.  The Court may only

18   issue a COA "if the applicant has made a substantial showing of the denial of a

19   constitutional right."  *Id*.  The U.S. Supreme Court held that

20          when the district court denies a habeas petition on procedural grounds
        without reaching the prisoner's underlying constitutional claim, a COA

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 9

should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Defendant has failed to provide reason to believe that any jurist of reason would find that he has stated a valid claim for denial of a constitutional right, or that there is any reason to question the validity of his waiving his right to appeal or otherwise file motions or petitions like the present that attack his conviction and sentence. Therefore, the Court finds no basis to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, **ECF No. 158**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se Defendant.

**DATED** this 7th day of July 2016.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 10