UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>EUSEVIO CHAVALLO, JR.,<br><br>　　　　　　　　Defendant. | NO:  2:13-CR-100-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 7, 2016, ORDER |

BEFORE THE COURT is Defendant's pro se Motion for Reconsideration of the Court's July 7, 2016 Order, ECF No. 169.  The Court has reviewed the motion, the record, and is fully informed.

## ANALYSIS

Defendant's motion for reconsideration did not cite which law or rule he relies upon, but the Court construed it as one brought pursuant to the Federal Rules of Civil Procedure 59(e) and 60(b).  "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 7, 2016 ORDER ~ 1

sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll*, 342 F.3d at 945 (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Similarly, Rule 60(b) permits "reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b) and *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

> A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. *See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) [citing the former 10-day period]. Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. *See id.*

*Blackmon v. New Albertson's Inc.,* No. 2:10-CV-00712-KJD, 2012 WL 3613956, at *1 (D. Nev. Aug. 21, 2012).

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 7, 2016 ORDER ~ 2

1  The Court denied Defendant's petition on July 7, 2016, and Defendant filed
2  this present motion for reconsideration on July 26, 2016. Therefore, the motion shall
3  be treated as if it were brought pursuant to Rule 59(e).

4  Defendant's motion raises a number of related points as he argues: (1) that the
5  Court was mistaken in stating that a warrant existed for the search of Defendant's
6  truck because a warrant numbered MJ-13-256-00 was for the "Person of Eusevio
7  Chavallo Jr."; (2) that a second search warrant, MJ-13-274-00 authorized a search of
8  a residence and outbuilding, and did not authorize the search of Defendant's truck or
9  anything within it or its bed, (3) that the Court was mistaken in referring to the
10 container in the bed of Defendant's truck as a "trunk" rather than a "locked metal tool
11 box"; and (4) that the Court was incorrect in stating:

> If Defendant were to withdraw his plea, and subsequently be convicted of only the charge[s] for which he is currently serving a sentence, Defendant would potentially face a sentence that is more than twice his current sentence of 78 months. Additionally, the Government would be able to reinstate other charges and would no longer be bound to recommend a sentence below the guideline range.

ECF No. 169 at 1 (quoting ECF No. 165 at 7). Defendant argues that he cannot be punished for "exercising his constitutional right to file a 2255 Petitioner [sic]." ECF 169 at 1.

Defendant also raises a fifth claim that repeats his other arguments as he argues that the Court erred in denying him an evidentiary hearing to force the Government to justify its allegedly illegal search, to allow Defendant to argue that there was never a

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF
THE COURT'S JULY 7, 2016 ORDER ~ 3

search warrant that authorized the search of his truck or the "locked metal toolbox" in it, and to argue that his plea agreement was based on illegally seized evidence. *Id*. at 2.

Defendant's arguments do not allege newly discovered evidence or an intervening change in the controlling law, so the Court will assess his arguments to determine if he has properly asserted clear error in the Court's prior Order.

As stated in the prior Order, the Court reviewed a search warrant authorizing the search of Defendant's truck. ECF No. 165 at 4-5. Defendant's providing copies of other search warrants does nothing to vitiate the validity of the Court's review of the warrant pertaining to Defendant's truck. More importantly, the Court previously stated:

> Although evidence supports the validity of the search, the Court need not conduct an analysis of whether the search complied with the Fourth Amendment, because Defendant expressly waived his right to pursue such arguments based on facts that he knew at the time he signed the Plea Agreement.

ECF No. 165 at 5. The Court was referring to Defendant's Plea Agreement, which stated in relevant part that:

> Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 7, 2016 ORDER ~ 4

ECF No. 94 at 16. The Court explained that Defendant's own arguments state that he had planned to challenge the validity of the search prior to pleading guilty but opted to plead guilty rather than pursue such arguments at trial. *See* ECF No. 165 at 5. Considering the Court's finding of a valid waiver, Defendant's first three arguments which pertain to the search of his truck or the "locked metal tool box" are no longer relevant. Therefore, these arguments fail to state any clear error by the Court.

Defendant also argues that he cannot be "punish[ed]" if the Court allows him to withdraw his plea or if the Court suppresses evidence. ECF No. 169 at 1. Defendant's argument does not challenge the basis for the Court's prior denial of his petition, and therefore, fails to show any clear error. For Defendant's edification, the Court clarifies the nature of a plea agreement: Defendant waived his rights to proceed to trial and to challenge the evidence against him in exchange for the benefit of a sentence that was less than half what he could have faced had he gone to trial. Even if there was a basis for he Court to void his contract and allow him to withdraw from his guilty plea he would have the right to proceed to trial, but with that opportunity, would come the risk of a much higher sentence and additional charges because the Government would no longer be constrained by a plea agreement that was set aside at Defendant's request.

Defendant's final argument alleges that the Court erred by denying his motion for an evidentiary hearing, but does not articulate a basis to find clear error aside

from the arguments addressed above. The Court previously denied the motion for a hearing because it "found no viable legal basis for Defendant's petition . . . ." ECF No. 168 at 1. Defendant's arguments regarding search warrants, a lack of a response from the Government, and how his "plea agreement was based upon illegally seized evidence," fail to demonstrate clear error.

The Court finds that Defendant has not presented the Court with newly discovered evidence, demonstrated clear error, and has failed to provide any intervening change in controlling law. Therefore, the Court has no basis to reconsider its prior denial of Defendant's petition.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Court's July 7, 2016 Order, **ECF No. 169**, is **DENIED**.

The District Court clerk is directed to enter this order and provide copies to counsel and to pro se Defendant.

Dated this 11th day of October, 2016.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        United States District Judge