FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUSEVIO CHAVALLO, JR.,<br><br>Defendant. | NO: 2:13-CR-100-RMP<br><br>ORDER DENYING DEFENDANT'S FIRST SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's First Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 178. The Court has reviewed the motion and the record, the Government's response and praecipe, ECF Nos. 182 and 183, and is fully informed.

Defendant previously filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 158, and the Court denied that motion. *See* ECF No. 165. Defendant then filed his present, successive petition. ECF No. 178.

**Successive § 2255 Motion**

Pursuant to 28 U.S.C. § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statutory reference to 28 U.S.C. § 2244 refers to the requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Defendant filed an application with the Ninth Circuit Court of Appeals to file a successive § 2255 motion on May 18, 2017.  *Chavallo v. United States*, No. 17-71312, Docket Entry No. 1 (9th Cir. May 18, 2017).  The Ninth Circuit Court of Appeals denied his application on July 14, 2017.  *Id.*, Docket Entry No. 12.  On July 10, 2017, Defendant sent a letter to the Ninth Circuit Court of Appeals voluntarily withdrawing his motion, which was not docketed until after the court's July 14 Order.  *Id.*, Docket Entry No. 13.

Defendant captioned his current petition in this Court as "A First 2255 Successive Motion of Ineffective Assistance of Counsel Under a Rule 16 Criminal

Procedures [sic]." ECF No. 178.  Defendant indicates that he initially sent his successive motion to the Ninth Circuit Court of Appeals.  *Id.* at 1.  Defendant has failed to provide any basis that the Ninth Circuit's Order denying Defendant's application to file a successive § 2255 motion, issued July 14, 2017, does not apply to his present motion.

Instead, the Court concludes that Defendant has not been authorized to file a successive § 2255 motion.  Therefore, this Court is without jurisdiction to consider his arguments and must deny Defendant's successive motion, ECF No. 178.  Even if this Court were determined to have jurisdiction to consider Defendant's petition, Defendant's petition is without merit.

Defendant entered a plea of guilty to the charges in the indictment on June 4, 2014.  The terms of Defendant's Rule 11(c)(1)(C) Plea Agreement stated in relevant part that

> Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

ECF No. 94 at 16.

In light of this express waiver, the Court only will analyze Defendant's arguments of ineffective assistance of counsel based upon facts that were not known,

or knowable, to Defendant through the exercise of due diligence, at the time of his plea.

**Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, an appellant must establish both (1) that the assistance of trial counsel was constitutionally deficient and (2) that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

Although Defendant asserts he has new evidence regarding evidence tampering, the contamination of evidence, and the falsification of documents, ECF No. 178 at 1, the only new evidence that Defendant alleges that relates to the ineffective assistance of counsel claim is letters to which Defendant allegedly did not have access before his plea. *Id.* at 53-57. Defendant appears to argue that these letters demonstrate that his defense counsel at the time, Mr. Robert Seines, failed to show all of the Government's evidence to Defendant. *See id.* at 56-57.

The first letter is dated February 26, 2014, and was sent by Assistant United States Attorney Matt Duggan to Mr. Seines. *Id.* at 53. Defendant claims that he was unaware of the February 26, 2014, letter before his June 4, 2014, change of plea hearing. *See id.*

1     The second letter is dated October 2, 2014, and was sent by Mr. Seines to Defendant's appellate defense counsel, Ms. Geana Van Dessel. *Id.* at 55. The Court notes that Defendant could not have known about the October 2, 2014, letter at the time of his plea on June 4, 2014. That letter describes the documents and discovery that Mr. Seines is transferring to Ms. Van Dessel. *Id.* at 55.

    Mr. Seines's October 2 letter indicates that he enclosed copies of letters apparently written by Mr. Seines to Defendant. *Id.* Defendant asserts that he did not receive copies of Mr. Seines's letters dated August 30, 2014, September 3, 2014, and September 4, 2013 [sic] until September 5, 2014. *Id.* Defendant included a copy of only one of the letters with his pleading, Mr. Seines's letter dated September 3, 2014. *Id.* at 28-29. The top of the September 3 letter reads "HAND DELIVERED," and it is signed by Mr. Seines. *Id.*

    Defendant appears to be basing his argument that Mr. Seines provided ineffective assistance of counsel because Defendant did not receive, or does not recall receiving, every document in his file, including correspondence between counsel and himself. Even if Defendant was able to establish that he had not received all of these documents, Defendant fails to show how this new evidence prejudiced his defense. Defendant, after being subjected to a thorough colloquy on June 2, 2014, entered a knowing and voluntary plea of guilty. Defendant has not

argued or even contended how knowledge of the allegedly missing documents could have affected his decision to plead guilty.

Therefore, the Court finds that even if it had jurisdiction to review Defendant's successive petition, which it does not, Defendant has failed to make his case for ineffective assistance of counsel based on information not known by Defendant and which, in the exercise of due diligence, could not have been known by Defendant at the time that he entered his plea of guilty. On those additional findings, the Court also would deny Defendant's petition.

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253. A district court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The U.S. Supreme Court held that

> when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

As explained above, Defendant has failed to argue how the allegedly deficient assistance of counsel prejudiced his defense. *See* ECF No. 178. Defendant fails to

establish any debatable basis upon which any jurist of reason would find that Defendant states a valid claim of the denial of a constitutional right. Therefore, the Court finds no basis to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's First Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, **ECF No. 178**, is **DENIED**.

2. All other pending motions are **DENIED as MOOT**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se Defendant.

**DATED** January 3, 2018.

                                    *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                      United States District Judge