FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EUSEVIO CHAVALLO, JR.,<br><br>    Defendant. | NO: 2:13-CR-100-RMP<br><br>ORDER DENYING DEFENDANT'S SUCCESSIVE MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT are Defendant's Second Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 185, and two other related motions, ECF Nos. 186 and 187. The Court construes these related motions also as 28 U.S.C. § 2255 motions. The Court has reviewed the motions, has considered the record, and is fully informed.

On June 4, 2014, Defendant Eusevio Chavallo, Jr., pled guilty to one count of Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count

ORDER DENYING DEFENDANT'S SUCCESSIVE MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* ECF No. 95. The Court sentenced Mr. Chavallo to 78 months of incarceration, to be followed by 3 years of Supervised Release. *See* ECF No. 112. Mr. Chavallo is presently an inmate at Sheridan Federal Correctional Institution, in Sheridan, Oregon.

Mr. Chavallo appealed his conviction, ECF No. 115, and the Ninth Circuit Court of Appeals dismissed his appeal because Mr. Chavallo waived his right to appeal his conviction and sentence, and the court of appeals found no arguable issue as to the validity of the waiver. ECF No. 154 at 2. His petition for a panel rehearing was denied on March 2, 2016. ECF No. 156.

Mr. Chavallo, pleading *pro se*, subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 158, on March 30, 2016. The Court denied the March 2016 motion on July 7, 2016. *See* ECF No. 165. The Ninth Circuit Court of Appeals denied Mr. Chavallo's request for a certificate of appealability from the denial of Mr. Chavallo's March 2016 28 U.S.C. § 2255 motion on November 7, 2016. *See* ECF No. 177. On November 1, 2017, Mr. Chavallo filed his first successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 178. The Court denied Mr. Chavallo's November 2017 28 U.S.C. § 2255 motion on January 10, 2018.

Mr. Chavallo filed his present, second successive petition on May 16, 2018. ECF No. 185. Mr. Chavallo also has filed two other related petitions, ECF Nos. 186 and 187, which the Court construes as additional 28 U.S.C. § 2255 motions. However, Mr. Chavallo has note filed an Application for Authorization to File a Second or Successive 28 U.S.C. § 2255 Motion.

**Successive § 2255 Motion**

Pursuant to 28 U.S.C. § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statutory reference to 28 U.S.C. § 2244 refers to the requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Mr. Chavallo filed an application with the Ninth Circuit Court of Appeals to file a successive § 2255 motion on May 18, 2017. *Chavallo v. United States*, No. 17-71312, Docket Entry No. 1 (9th Cir. May 18, 2017). The Ninth Circuit Court of Appeals denied his application on July 14, 2017. *Id.*, Docket Entry No. 12.

ORDER DENYING DEFENDANT'S SUCCESSIVE MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

Nevertheless, Mr. Chavallo filed his first successive 28 U.S.C. § 2255 motion in this Court in November 2017. *See* ECF No. 178. The Court found that Mr. Chavallo failed to provide any basis that the Ninth Circuit's Order denying Defendant's application to file a successive § 2255 motion, issued July 14, 2017, did not apply to his November 2017 28 U.S.C. § 2255 motion. ECF No. 184.

Similarly, the Court concludes that Mr. Chavallo has not been authorized to file a successive § 2255 motion with regards to his subsequent successive 28 U.S.C. § 2255 motions, ECF No. 185, 186, and 187. There is no record that Mr. Chavallo has filed an Application for Authorization to File Second or Successive 28 U.S.C. § 2255 Motion with the Ninth Circuit Court of Appeals. Therefore, this Court is without jurisdiction to consider his arguments and must deny Defendant's successive motions, ECF No. 185, 186, and 187. Even if this Court were determined to have jurisdiction to consider Defendant's petition, Defendant's petition is time-barred and would be denied on that basis as well.

**Statute of Limitations for Habeas Corpus Claims**

A petition filed pursuant to 18 U.S.C. § 2255 is subject to a one-year statute of limitations. As explicitly stated in the statutory language:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Chavallo's conviction and sentence became appealable to the United States Supreme Court on March 2, 2016, when the court of appeals denied Mr. Chavallo's petition for panel rehearing. ECF No. 156. The United States Supreme Court has held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Mr. Chavallo did not file a petition for writ of certiorari with the United States Supreme Court, so his conviction became final ninety days after the Ninth Circuit Court of Appeals denied his petition for a panel rehearing on the dismissal of his appeal.[1] That date would be May 31, 2016, in this case. Using this first potential starting point for the running of the statute of limitations, Mr.

---

[1] U.S. Sup. Ct. R. 13 provides that a petition for review would be timely if filed within ninety days after entry of the judgment of the Ninth Circuit Court of Appeals.

Chavallo's present motions, filed May 16, 2018, June 8, 2018, and June 13, 2018, respectively, are far beyond the one-year time-bar. *See* ECF Nos. 185, 186, and 187.

Mr. Chavallo's motions, even liberally construed, fail to allege a right that has been newly recognized by the Supreme Court, and fail to allege any impediment to making his motion caused by Government action. Therefore, the Court finds that the second and third possible starting points for the running of the relevant statute of limitations period are irrelevant to the determination of the timeliness of Mr. Chavallo's motions.

The final potential starting point for the running of the one-year statute of limitations is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Court has reviewed all of Defendant's arguments, most of which pertain to Mr. Chavallo's view of the evidence presented at his change of plea hearing, Mr. Chavallo's view that his attorney failed to represent his interests, and his assertion that the prosecutor abused his prosecutorial power. *See* ECF Nos. 185, 186, and 187. Mr. Chavallo does not allege any barrier to his ability to have discovered these arguments or theories at an earlier date. *See* ECF No. 186 at 6 (stating that Mr. Chavallo learned new information in February 2017). Mr. Chavallo's arguments and theories all could have been presented well within the one-year statute of limitations had Mr. Chavallo exercised due diligence. Indeed,

Mr. Chavallo has asserted many of these claims in his previous 28 U.S.C. § 2255 motions. *See* ECF Nos. 158 and 178. Therefore, the Court finds that Mr. Chavallo's 28 U.S.C. § 2255 motions are time-barred.

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253. A district court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The U.S. Supreme Court held that

> when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Chavallo has failed to establish any debatable basis upon which any jurist of reason would find that Defendant states a valid claim of the denial of a constitutional right. Therefore, the Court finds no basis to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Second Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, **ECF No. 185**, is **DENIED**.

2. Defendant's Pro Se Motions, **ECF Nos. 186 and 187**, are **DENIED**.

3. Any other pending motions are **DENIED as MOOT**.

4. There is no basis to issue a certificate of appealability.

The District Court Clerk is directed to enter this Order and provide copies to counsel and *pro se* Defendant.

**DATED** June 19, 2018.

                                     *s/ Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
                                     United States District Judge